IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-01783-PAB-SBP

TODD WESLEY ECKLEY,

    Plaintiff,

v.

WARDEN BARRY GOODRICH,
REBECCA L. WALTERS,
SANDRA (SANDY) JOHNSON,
LESLIE A. CARMAN, and
CROWLEY COUNTY CORRECTIONAL FACILITY,

    Defendants.

---

**ORDER**

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 71]. Plaintiff Todd W. Eckley, proceeding *pro se*,[1] objects to the recommendation [Docket No. 74].[2]

---

[1] Because Mr. Eckley is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will evaluate Mr. Eckley's arguments to the extent that they are responsive to the recommendation and sufficiently developed for the Court to understand them.

[2] Mr. Eckley filed two documents titled "Response to Magistrates Recommendation Also Defendant Plaintiff Seeks Counsel." Docket Nos. 73, 74. Because Docket No. 73 appears to be missing a page, *see* Docket No. 73 at 2-3, the Court will consider Docket No. 74 as Mr. Eckley's objection.

**I.   BACKGROUND**

The facts are set forth in Magistrate Judge Susan Prose's recommendation. Docket No. 71 at 2-8.  Neither side has objected to the facts.  Accordingly, the Court adopts the facts in the recommendation for purposes of ruling on the objections.

This case concerns medical treatment for an injury that Mr. Eckley sustained while he was incarcerated at the Crowley County Correctional Facility ("CCCF"), which is part of the Colorado Department of Corrections.  *Id.* at 2.  Mr. Eckley injured himself while exercising at approximately 10:45 a.m. on February 18, 2022.  *Id.*  He was taken to the medical unit at CCCF, where he was assigned to the care of defendants Rebecca Walters and Sandra Johnson.  *Id.*  Ms. Walters is a nurse practitioner and Ms. Johnson is a nurse.  *Id.* at 2-3.  After Mr. Eckley was assessed by Ms. Walters and a physician assistant, orders were issued for x-rays to be taken of Mr. Eckley's injury and for Mr. Eckley to be given two pain medications, Diclofenac and Tylenol.  *Id.* at 3.  At approximately 5:40 p.m., CCCF staff transported Mr. Eckley to a hospital in La Junta, Colorado, where x-rays were taken of his right shoulder and humerus.  *Id*.  The x-rays revealed a displaced right proximal humeral fracture.  *Id.* at 4.  At approximately 6:30 p.m., Mr. Eckley was transported back to CCCF and returned to the medical unit under Ms. Johnson's care.  *Id.* at 3.  According to Mr. Eckley, a sergeant requested permission from Ms. Johnson to take Mr. Eckley to a different prison, Colorado Territorial Correctional Facility, but Ms. Johnson declined and instead released Mr. Eckley back to his housing unit.  *Id.* at 4.  The next day, Mr. Eckley returned to the CCCF medical unit because of "extreme pain," at which point he claims that Ms. Johnson "blew up at him"

and informed him that she would put him in "medical solitary" with only a mattress and blanket if he kept coming to the medical unit for his pain. *Id.* at 5 (alterations omitted).

Defendant Leslie Carman, the CCCF medical scheduler, scheduled Mr. Eckley for an appointment with an orthopedist that would take place on March 1, 2022. *Id.* at 5-6. Mr. Eckley's view is that the appointment should have been scheduled for an earlier date, and he claims that Ms. Walters and Ms. Johnson conveyed to him that the appointment was set for March 1, 2022 because approval from the insurance provider was required. *Id.* at 5. Mr. Eckley claims that defendant Barry Goodrich, the warden of CCCF, admitted to the inmate population at CCCF that he sometimes had twelve or fewer staff members to run the facility. *Id.* at 6. Mr. Eckley claims that CoreCivic, the private company that operates CCCF, had the funds to hire more staff, but nevertheless recklessly ran CCCF such that Mr. Eckley's "emergency was intentionally diverted." *Id.* Judge Prose construed Mr. Eckley's Fifth Amended Complaint ("complaint") as raising claims against each defendant for violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983. *Id.* at 6-7. Mr. Eckley does not object to this characterization.

The defendants jointly filed a motion to dismiss Mr. Eckley's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Docket No. 62 at 3. Judge Prose entered a recommendation that the Court grant the motion to dismiss Mr. Eckley's claims because the complaint does not plausibly allege either the "objective" or "subjective" prongs of his deliberate indifference claims under the Eighth Amendment. Docket No. 71 at 12-13; *see McCowan v. Morales*, 945 F.3d 1276, 1290 (10th Cir. 2019) (holding that the two-pronged test for deliberate indifference claims requires a plaintiff to allege that (1) he suffered a harm that is objectively serious enough to be

cognizable under the Eighth Amendment; and (2) the defendant acted with a sufficiently culpable state of mind).

Judge Prose found that Mr. Eckley failed to allege the objective prong of his Eighth Amendment deliberate indifference claims against all defendants because the complaint does not allege that Mr. Eckley suffered substantial harm either as a result of the delay in treatment of his injury or as a result of the pain he experienced while waiting for treatment. Docket No. 71 at 10-13. Judge Prose found that Mr. Eckley failed to satisfy the subjective prong of his claims against Ms. Johnson, Ms. Walters, and Ms. Carman because the complaint does not allege that these defendants "approached Plaintiff's care with the 'extraordinary degree of neglect' required to show deliberate indifference." *Id.* at 14-20 (quoting *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006)). Judge Prose found that the complaint failed to allege the subjective prong of Mr. Eckley's claim against Warden Goodrich and also failed to allege that he personally participated in any Eighth Amendment violation. *Id.* at 20-22; *see Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) (holding that an individual may only be liable under § 1983 if he personally participated in the alleged constitutional violation). Because Mr. Eckley failed to allege an underlying constitutional violation by any prison official or identify a particular custom or policy that was the moving force behind his injury, Judge Prose found that Mr. Eckley failed to state a claim under the Eighth Amendment against CCCF. Docket No. 71 at 23-25. Accordingly, Judge Prose recommended that the motion to dismiss be granted and that Mr. Eckley's claims against all defendants be dismissed with prejudice. *Id.* at 26.

4

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

## III. ANALYSIS

Mr. Eckley appears to raise two objections to Judge Prose's recommendation: (1) that Judge Prose is biased; and (2) that the case should not be dismissed because there is sufficient evidence to support Mr. Eckley's claims. Docket No. 74 at 1-5.

### A. Bias

Mr. Eckley objects to the recommendation on the grounds that it is "lopsided in the defendants' favor." *Id.* at 5. Mr. Eckley claims that Judge Prose "personally communicates with her clients[,][3] the defendants[,] and hanging [sic] off their words[,] which violates her ethics and duties to the court." *Id.* at 2 (footnote added). He argues that "doing her own investigation and communication with the defendants leaving the plaintiff out of the proceeding violates and is misconduct." *Id.* However, Mr. Eckley does not identify any specific instance in which Judge Prose communicated *ex parte* with defendants, and the Court is unable to find any such instance upon review of the docket. Moreover, Mr. Eckley does not identify any factual or legal conclusion in the recommendation that is erroneous as a result of Judge Prose's alleged communications with defendant, rendering this portion of the objection non-specific. *See One Parcel*, 73 F.3d at 1059 (discussing how a specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute"); *Jones v. United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024) ("Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too

---

[3] Mr. Eckley's objection does not explain why he refers to defendants as Judge Prose's "clients." *See* Docket No. 74 at 2. Insofar as Mr. Eckley is raising an objection that Judge Prose should have recused herself from the case because she represented prison officials before becoming a judge, *see, e.g., Mostafa v. Garland*, No. 20-cv-00694-PAB-NYW, 2022 WL 225319 (D. Colo. Jan 26, 2022), the Court will overrule this objection because Mr. Eckley has produced no evidence that Judge Prose worked on a case posing a conflict to her ability to handle this case. *See Nelson v. Mayorkas*, No. 23-cv-00100-NYW-SBP, 2023 WL 6390480, at *4 (D. Colo. Oct. 2, 2023) (declining to require Judge Prose to recuse herself from a case based on her work on a prior case brought by a different plaintiff against a different government agency); 28 U.S.C. § 455(b)(3).

6

general and therefore insufficient." (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished))); *Barnes v. Omnicell*, 2024 WL 2744761, at *4 (10th Cir. May 28, 2024) (affirming district court's conclusion that plaintiff's "objections were not sufficiently specific to focus the district court's attention on the legal and factual issues because he failed to identify the parts of the recommendation that contained the alleged lies").

Insofar as Mr. Eckley's objection that Judge Prose is biased is an argument that Judge Prose should have recused herself from the case, this objection is unavailing. Under 28 U.S.C. § 455(a), a federal judge is required to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Section 455 establishes 'an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)). "In conducting this review, [the court] must ask how these facts would appear to a well-informed, thoughtful and objective observer, who is an average member of the public, not a hypersensitive, cynical, and suspicious person." *Id.* (internal quotations and citation omitted). "Though judges 'have a strong duty to recuse when appropriate,' they also have 'a strong duty to sit,' and § 455 must not be so broadly construed as to make recusal mandated 'upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Id.* (quoting *Wells*, 873 F.3d at 1251).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Lammle*

7

*v. Ball Aerospace & Techs. Corp.*, 589 F. App'x 846, 849 (10th Cir. 2014) (unpublished) ("Unfavorable judicial rulings and ordinary efforts at courtroom administration are insufficient grounds for recusal."). Rather, recusal based on a judge's decisions, opinions, or remarks "is necessary when a judge's actions or comments 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Liteky*, 510 U.S. at 555). Adverse rulings that do not evidence such favoritism or antagonism "are grounds for appeal, not recusal." *Id*. (citation omitted). Although Mr. Eckley claims that Judge Prose has communicated *ex parte* with defendants, thus "leaving [Mr. Eckley] out of the proceeding" and that Judge Prose "hang[s] off [defendants'] words," Docket No. 74 at 2, Mr. Eckley has offered no support for these allegations, rendering them insufficient grounds for recusal. *See Mobley,* 971 F.3d at 1205 (holding that § 455 "must not be so broadly construed as to make recusal mandated 'upon the merest unsubstantiated suggestion of personal bias or prejudice.'") (quoting *Wells,* 873 F.3d at 1251).

      Finally, insofar as Mr. Eckley's objection to Judge Prose "doing her own investigation," Docket No. 74 at 2, is an objection to Judge Prose conducting legal research, the Court will overrule this objection. When a party raises a legal argument, the court has "an independent duty to research and properly apply the law." *Baylon v. Wells Fargo Bank*, *N.A.*, 303 F. Supp. 3d 1160, 1165 (D.N.M. 2018); *see also Ensey v. Ozzie's Pipeline Padder, Inc*., 2010 WL 11523525, at *2 n.3 (D.N.M. Apr. 29, 2010) ("it is certainly the Court's job to research carefully the legal issues properly presented by the parties"). For this reason, the Court rejects Mr. Eckley's objection to Judge Prose conducting research on the legal issues presented in defendants' motion to dismiss.

The Court will overrule Mr. Eckley's objection to Judge Prose's recommendation on the grounds that Judge Prose is biased.[4]

### B. Evidence

Mr. Eckley objects that there is "enough evidence for this case to move forward." Docket No. 74 at 4. However, when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the question is not whether there is sufficient evidence to support a plaintiff's claims, but rather whether a plaintiff's complaint alleges enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mr. Eckley does not appear to argue that the allegations in his complaint are sufficient to survive a Rule 12(b)(6) motion to dismiss, only that sufficient evidence exists to support his claims. *See* Docket No. 74 at 4.[5] Therefore, the Court will overrule Mr. Eckley's objection that the motion to dismiss

---

[4] When discussing Judge Prose's alleged bias against him, Mr. Eckley also claims that Judge Prose "refuses to call [him] plaintiff and they [sic] defendants." Docket No. 74 at 4. However, Judge Prose's recommendation identifies Mr. Eckley as the plaintiff in this case and refers to the defendants as "defendants." *See, e.g.*, Docket No. 71 at 2. Moreover, the fact that Judge Prose mostly refers to Mr. Eckley by his name, as opposed to his party status, is hardly evidence of bias.

[5] Mr. Eckley appears to reference medical issues that were not described in his complaint. *See, e.g.*, Docket No. 74 at 4 ("The plaintiff sits at AVCF Prison with chronic back pain [and] debilitating back pain . . . the plaintiff suffers from a heart condition due to the delayed surgery and complication of the emergency surgery"). Given that these allegations are outside the scope of the complaint, the Court will not consider them. A party may not raise new allegations for the first time in an objection to a recommendation. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also Maurer v. Idaho Dep't of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished).

should not have been granted because there is sufficient evidence supporting his claims.

### C. Non- Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record."  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.  Accordingly, the Court will dismiss Mr. Eckley's claims against defendants with prejudice.

### D. Requests for Counsel and Special Judge

Mr. Eckley's objection states that he "also request [sic] a[n] attorney to help with damage control" and "ask [sic] Chief Judge to appoint special judge to review entire civil complaint and make their own . . . unbiased decision."  Docket No. 74 at 5.  However, these requests do not comply with the local rules, which provide that a motion "shall not be included in a response or reply to the original motion," but must instead "be filed as a separate document."  D.C.COLO.LCivR 7.1(d); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (holding that pro se litigants must follow the same rules of procedure that govern other litigants).  In addition, Mr. Eckley does not state the grounds on which he is entitled to the appointment of counsel and does not identify any legal authority that would permit the Court to appoint a "special judge" to review Mr. Eckley's complaint.  In any event, the Court's decision to accept the recommendation and dismiss Mr. Eckley's claims renders these requests moot.  The Court will deny Mr. Eckley's requests for the appointment of counsel and a special judge.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 71] is **ACCEPTED**.  It is further

**ORDERED** that Mr. Eckley's Response to Magistrate Recommendation Also Defendant Plaintiff Seeks Counsel [Docket No. 74], construed as an objection, is **OVERRULED**.  It is further

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's Fifth Amended Complaint [Docket No. 62] is **GRANTED**.  It is further

**ORDERED** that Mr. Eckley's claims are **DISMISSED with prejudice.**  It is further

**ORDERED** that this case is closed.

DATED August 19, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge